IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MICHAEL L. SWAN, SR., | § § § | |
| | § | Case: 1:17-cv-00544 |
| Plaintiff, | § § | |
| -v- | § § | |
| | § | |
| VELO ASSOCIATES PLC   d/b/a | § | |
| VELO LAW OFFICE. | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Michael L. Swan, Sr. (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendants Velo Associates PLC d/b/a Velo Law Office ("Defendant"). Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act 445.251 *et seq.* ("MRCPA").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Montcalm County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and the MRCPA.

1

5. Defendant is a Michigan corporation, with offices located at 1750 Leonard St. NE, Grand Rapids MI 49505. The registered agent for Defendant is Cascade Agent Solutions purportedly located at 1740 Leonard St. NE, Grand Rapids MI 49505.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA and a "Regulated Person" as that term is defined and used in the MRCPA.

**IV. FACTUAL ALLEGATIONS**

8. Plaintiff incurred a debt for a medical services with Sheridan Community Hospital, any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA and the MRCPA.

9. The aforementioned creditor claims that Plaintiff has failed to pay his debts and that his account is delinquent.

10. Plaintiff disputes the amount of the alleged debt.

11. Plaintiff refuses to pay the alleged debt.

12. Sheridan Community Hospital placed Plaintiff's account with Velo Law for collection.

13. On March 8, 2016, Defendant was granted a judgment against Plaintiff in the amount of $2,771.75.

14. On April 28, 2016, Defendant filed a writ for garnishment in the state court lawsuit, naming Spectrum Health System, garnishee, and representing in pertinent part:

    a. Plaintiff received judgment against Defendant for $2,771.75 on 03/08/2016.

    b. The total amount of judgment interest accrued to date is $23.71. The total amount of postjudgment costs accrued to date is $0.00. The total amount of postjudgment payments and credits to date is $0.00. The total current amount

2

of the unsatisfied judgment now due (including interest and costs) is $2,795.46.

On May 2, 2016 the state court clerk issued the writ for garnishment. A copy of the request and writ for garnishment is attached hereto as Exhibit A.

15. Defendant served the writ (Exhibit A) on Spectrum Health Systems and Plaintiff.

16. Neither Defendant nor Sheridan Community Hospital received any payment in connection with the writ for garnishment (Exhibit A).

17. On June 16, 2016, Defendant filed a writ for garnishment in the state court lawsuit, naming Sidney State Bank, garnishee, and representing in pertinent part:

   a. Plaintiff received judgment against Defendant for $2,771.75 on 03/08/2016.

   b. The total amount of judgment interest accrued to date is $33.44. The total amount of postjudgment costs accrued to date is $65.00. The total amount of postjudgment payments and credits to date is $0.00. The total current amount of the unsatisfied judgment now due (including interest and costs) is $2,870.19.

   On June 20, 2016 the state court clerk issued the writ for garnishment. A copy of the request and writ for garnishment is attached hereto as Exhibit B.

18. Defendant served the writ (Exhibit B) on Sidney State Bank and Plaintiff.

19. Neither Defendant nor Sheridan Community Hospital received any payment in connection with the writ for garnishment (Exhibit B).

20. On August 8, 2016, Defendant filed a writ for garnishment in the state court lawsuit, naming Michigan Department of Treasury, garnishee, and representing in pertinent part:

   a. Plaintiff received judgment against Defendant for $2,771.75 on 03/08/2016.

   b. The total amount of judgment interest accrued to date is $50.80. The total amount of postjudgment costs accrued to date is $65.00. The total amount of postjudgment payments and credits to date is $0.00. The total current amount

    of the unsatisfied judgment now due (including interest and costs) is $2,887.55.

    On August 23, 2016 the state court clerk issued the writ for garnishment. A copy of the request and writ for garnishment is attached hereto as Exhibit C.

21. Defendant served the writ (Exhibit C) on the Michigan Department of Treasury and Plaintiff.

22. Neither Defendant nor Sheridan Community Hospital received any payment in connection with the writ for garnishment (Exhibit C).

23. On February 2, 2017, Defendant filed a writ for garnishment in the state court lawsuit, naming Sidney State Bank, garnishee, and representing in pertinent part:

    a.  Plaintiff received judgment against Defendant for $2,771.75 on 03/08/2016.

    b.  The total amount of judgment interest accrued to date is $76.08. The total amount of postjudgment costs accrued to date is $88.00. The total amount of postjudgment payments and credits to date is $0.00. The total current amount of the unsatisfied judgment now due (including interest and costs) is $2,935.83.

    On February 6, 2017 the state court clerk issued the writ for garnishment. A copy of the request and writ for garnishment is attached hereto as Exhibit D.

24. Defendant served the writ (Exhibit D) on Spectrum Health Systems and Plaintiff.

25. Neither Defendant nor Sheridan Community Hospital received any payment in connection with the writ for garnishment (Exhibit D).

26. Garnishment after judgment is governed by MCR 3.101, which states in pertinent part:

**(R) Costs and Fees.**

(1) Costs and fees are as provided by law or these rules.

> (2) If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, **the plaintiff is not entitled to recover the costs of that garnishment.**

MCR 3.101(R) (emphasis added).

27. Interest after judgment is governed by M.C.L. 600.6013(8) which requires that interest on a money judgment recovered in a civil action is calculated at six month intervals from the date of filing of the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually.

28. The April 28, 2016 writ for garnishment (Exhibit A) incorrectly stated that the total amount of postjudgment interest accrued to date was $23.71. The correct amount should have been $23.41, as shown by the calculations attached hereto as Exhibit E.

29. The June 16, 2016 writ for garnishment (Exhibit B) incorrectly stated that the total amount of postjudgment interest accrued to date was $33.44. The correct amount should have been $32.95, as shown by the calculations attached hereto as Exhibit F.

30. The August 8, 2016 writ for garnishment (Exhibit C) incorrectly stated that the total amount of postjudgment interest accrued to date was $50.80. The correct amount should have been $42.62, as shown by the calculations attached hereto as Exhibit G.

31. The February 2, 2017 writ for garnishment (Exhibit D) incorrectly stated that the total amount of postjudgment interest accrued to date was $76.08. The correct amount should have been $74.73, as shown by the calculations attached hereto as Exhibit H.

32. Defendant's corporate policy and procedures are structured to charge inflated and incorrect rates of interest from consumers such as Plaintiff for its financial benefit.

33. Defendant's improper computation of interest was willful, knowing, and intentional.

34. The June 16, 2016 writ for garnishment (Exhibit B) incorrectly stated that the total amount of postjudgment costs accrued to date was $65.00. Defendant had no legal basis for including the aforementioned postjudgment costs.

35. The August 8, 2016 writ for garnishment (Exhibit C) incorrectly stated that the total amount of postjudgment costs accrued to date was $65.00. Defendant had no legal basis for including the aforementioned postjudgment costs.

36. The February 2, 2017 writ for garnishment (Exhibit D) incorrectly stated that the total amount of postjudgment costs accrued to date was $88.00. Defendant had no legal basis for including the aforementioned postjudgment costs.

37. Defendant's corporate policy and procedures are structured to charge consumers such as Plaintiff for costs which the consumers are not obligated to pay, for its financial benefit.

38. Defendant's addition of unlawful postjudgment costs was willful, knowing, and intentional.

39. The FDCPA states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

40. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

41. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

42. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

43. Defendant violated the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), (8), (10), and 1692(f)1). *See e.g., Watkins v. Peterson Enterprises, Inc.*, 57 F. Supp.2d 1102 (E.D. Wash. 1999).

44. The MRCPA states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement of claim in a communication to collect a debt. M.C.L. § 445.252(e).

45. The MRCPA states that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor. M.C.L. § 445.252(f)(i) and (ii).

46. The MRCPA states that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement of claim in a communication to collect a debt. M.C.L. § 445.252(e).

47. Defendant violated the MRCPA, M.C.L. 445.252(e), (f)(i), and (f)(ii).

48. Defendant's acts and omissions were done in connection with efforts to collect an alleged debt from Plaintiff and were done intentionally and willfully.

49. Defendant intentionally and willfully violated the FDCPA and MRCPA.

## V. TRIAL BY JURY

50. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. CLAIMS FOR RELIEF

51. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e; and

    b. Defendant violated 15 U.S.C. §1692f;

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

52. Defendant has violated the MRCPA. Defendants violations of the MRCPA include, but are not limited to, the following:

    a. Defendant violated MCL 445.252(e);

    b. Defendant violated MCL 445.252(f)(i); and

    c. Defendant violated MCL 445.252(f)(ii).

**Wherefore**, Plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to MCL 445.257(2);

   b) Treble the actual damages pursuant to MCL 445.257(2);

   c) Statutory damages pursuant to MCL 445.257(2);

   d) Reasonable attorney's fees and court costs pursuant to MCL 445.257(2); and

   e) Equitable relief pursuant to MCL 445.257(2).

| Dated: June 15, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|